1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    EASTERN DISTRICT OF WASHINGTON

7  JACQUELINE D.,

8                          Plaintiff,        NO. 2:20-CV-0365-TOR

9         v.                                 ORDER DENYING PLAINTIFF'S
                                             MOTION FOR SUMMARY
10 COMMISSIONER OF SOCIAL                    JUDGMENT AND GRANTING
   SECURITY,                                 DEFENDANT'S MOTION FOR
11                                           SUMMARY JUDGMENT
                          Defendant.
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14 judgment (ECF Nos. 16, 20). These matters were submitted for consideration

15 without oral argument. The Court has reviewed the administrative record and the

16 parties' completed briefing and is fully informed. For the reasons discussed below,

17 Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED,** and

18 Defendant's Motion for Summary Judgment (EFC No. 20) is **GRANTED**.

19                              **JURISDICTION**

20        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1

## STANDARD OF REVIEW

2      A district court's review of a final decision of the Commissioner of Social

3  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4  limited: The Commissioner's decision will be disturbed "only if it is not supported

5  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

6  1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7  means relevant evidence that "a reasonable mind might accept as adequate to

8  support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated

9  differently, substantial evidence equates to "more than a mere scintilla[,] but less

10 than a preponderance." *Id.* (quotation and citation omitted).  In determining

11 whether this standard has been satisfied, a reviewing court must consider the entire

12 record as a whole rather than searching for supporting evidence in isolation. *Id.*

13     In reviewing a denial of benefits, a district court may not substitute its

14 judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

15 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16 rational interpretation, [the court] must uphold the ALJ's findings if they are

17 supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

18 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19 ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless

20 where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1  1115 (citation omitted).  The party appealing the ALJ's decision generally bears

2  the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

3  409–10 (2009).

4                    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5         A claimant must satisfy two conditions to be considered "disabled" within

6  the meaning of the Social Security Act.  First, the claimant must be unable "to

7  engage in any substantial gainful activity by reason of any medically determinable

8  physical or mental impairment which can be expected to result in death or which

9  has lasted or can be expected to last for a continuous period of not less than 12

10 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11 impairment must be "of such severity that [he or she] is not only unable to do [his

12 or her] previous work[,] but cannot, considering [his or her] age, education, and

13 work experience, engage in any other kind of substantial gainful work which exists

14 in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15        The Commissioner has established a five-step sequential analysis to

16 determine whether a claimant satisfies the above criteria.  *See* 20 §§

17 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

18 considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

3    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

4    capable of performing other work; and (2) such work "exists in significant

5    numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

6    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                     **ALJ'S FINDINGS**

8         On April 19, 2018, Plaintiff filed an application for Title II disability

9    insurance benefits and Title XVI supplemental security income benefits, alleging

10   an onset date of March 15, 2017.  Tr. 16.  The application was initially denied and

11   denied again on reconsideration.  *Id*.  Plaintiff appeared at a hearing before an

12   administrative law judge ("ALJ") on February 13, 2020.  *Id*.  The ALJ denied

13   Plaintiff's claim on February 28, 2020.  Tr. 13.

14        As a threshold matter, the ALJ found Plaintiff would meet the insured status

15   requirements of the Social Security Act through December 31, 2020.  Tr. 18.  At

16   step one of the sequential evaluation analysis, the ALJ found Plaintiff had not

17   engaged in substantial gainful activity after March 15, 2017, the alleged onset date.

18   *Id*.  At step two, the ALJ found Plaintiff had the following severe impairments:

19   morbid obesity; congenital abnormality right hand; Dupuytren's contracture left

20   hand; status-post carpal tunnel release February 2017; mild supraspinatus tendinitis

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

left shoulder; chronic headaches; mood disorder; and anxiety disorder.  Tr. 18–19.

At step three, the ALJ found Plaintiff did not have an impairment or combination

of impairments that meets or medically equals the severity of a listed impairment.

Tr. 21.  The ALJ then found Plaintiff had a residual functional capacity to perform

light work with the fowling limitations:

> [Plaintiff] can occasionally push/pull with the bilateral upper
> extremities; never crawl or climb ladders, ropes, or scaffolds;
> occasionally reach overhead with the left upper extremity;
> occasionally handle and finger with the left hand, and the right hand is
> used primarily as an "assist"; she is able to maintain concentration,
> persistence and pace for two-hour intervals between regularly
> scheduled breaks; should be in an environment with no more than
> simple, routine changes and no fast-paced production rate of work.

Tr. 23.

At step four, the ALJ found Plaintiff was capable of performing past relevant

work as an assistant manager.  Tr. 29.  However, based on the vocational expert's

hearing testimony, the ALJ also considered alternative jobs and concluded that,

based on Plaintiff's age, education, work experience, and residual functional

capacity, there were other jobs that existed in the significant numbers in the

national economy that Plaintiff could perform, such as an usher or sandwich board

carrier.  Tr. 30.  The ALJ concluded Plaintiff was not under a disability, as defined

in the Social Security Act, from March 15, 2017, the alleged onset date, through

February 28, 2020, the date of the ALJ's decision.  *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

**ISSUES**

1.  Whether the ALJ properly considered Plaintiff's subjective symptom testimony;

2.  Whether the ALJ properly considered the medical opinion evidence; and

3.  Whether the ALJ properly considered the vocational evidence?

**DISCUSSION**

**A.    Plaintiff's Symptom testimony**

Plaintiff contends the ALJ improperly discredited her subjective symptom testimony.  ECF No. 16 at 18.  An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1      Second, "[i]f the claimant meets the first test and there is no evidence of

2  malingering, the ALJ can only reject the claimant's testimony about the severity of

3  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

4  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

5  omitted).  General findings are insufficient; rather, the ALJ must identify what

6  symptom claims are being discounted and what evidence undermines these claims.

7  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

8  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

9  explain why he or she discounted claimant's symptom claims).  "The clear and

10  convincing [evidence] standard is the most demanding required in Social Security

11  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

12  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

13      The ALJ is instructed to "consider all of the evidence in an individual's

14  record," "to determine how symptoms limit ability to perform work-related

15  activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

16  persistence, and limiting effects of a claimant's symptoms, the following factors

17  should be considered: (1) daily activities; (2) the location, duration, frequency, and

18  intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

19  symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

20  an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.* at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 24. In arriving at this conclusion, the ALJ considered several of the factors listed above.

### 1. Daily Activities

The ALJ found Plaintiff "has very high functioning activities of daily living that are inconsistent with her hearing claims." Tr. 26. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted). Plaintiff testified that she had great difficulty performing daily tasks, but the ALJ noted she reported to care providers that she could cook, clean, do laundry with help, shop, play card games and occasionally video games, fish,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

read, care for her children, bathe, wash dishes, and water the lawn. Tr. 26. The only limitation she reported to a single care provider was needing assistance with ties and clasps. *Id*.

Plaintiff argues she was not actually engaging in the daily activities cited by the ALJ; rather, those were merely the hobbies she described to care providers, or they were activities she could do only if she had assistance. ECF No. 21 at 7. However, Plaintiff's assertions are contrary to the evidence in the record. Dr. Bostwick specifically stated Plaintiff's "typical household chores include cooking housekeeping, laundry with help with lifting, and she goes shopping and does so often with her boyfriend and children with help carrying groceries." Tr. 578. When Dr. Bostwick asked Plaintiff to describe her typical daily routine, she indicated she woke up, used the bathroom, let her dogs out, drank coffee, and then got dressed. Tr. 579. She would then get her kids up, help them dress, get them fed, and would give them their medications. *Id*. Afterwards, she would prepare a dinner menu. *Id*. During the day, Plaintiff would also attend appointments, do laundry, and wash dishes. *Id*. In the evening, she would make dinner, water the lawn, and help her kids get ready for bed. *Id*. When asked about recreation and leisure activities, Dr. Bostwick indicated Plaintiff "enjoys drawing and painting" and "she likes to read" and "infrequently plays video games." *Id*. Dr. Bostwick's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1    report also reflected that Plaintiff played games with her family on Sunday nights,

2    played cards and board games with other adults, and enjoyed fishing.  *Id.*

3            Plaintiff's daily and leisure activities were not described as hobbies she

4    enjoyed in the past but as present routine activities.  While the Ninth Circuit has

5    cautioned against reliance on "certain daily activities, such as grocery shopping,

6    driving a car, or limited walking for exercise" to discount a plaintiff's symptom

7    allegations, the ALJ here considered other factors and found additional reasons for

8    discrediting Plaintiff's subjective symptom testimony, as discussed below.

9    *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

10                    *2.  Intensity, Duration, Frequency, and Limiting Effects*

11            As to the intensity, duration, frequency, and limiting effects of Plaintiff's

12    symptoms, the ALJ concluded Plaintiff's allegations of extreme and debilitating

13    limitations were not well supported by the objective evidence or Plaintiff's

14    admitted daily activities.  Tr. 26.  An ALJ may not discredit a claimant's symptom

15    testimony and deny benefits solely because the degree of the symptoms alleged is

16    not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853,

17    857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991);

18    *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.

19    However, the objective medical evidence is a relevant factor, along with the

20    medical source's information about the claimant's pain or other symptoms, in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

1  determining the severity of a claimant's symptoms and their disabling effects.

2  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

3      The ALJ cited to several instances in which Plaintiff's alleged degree of

4  impairment conflicted with the objective medical evidence.  For example, Plaintiff

5  testified that she was essentially unable to use her left hand; however, several

6  medical reports indicate Plaintiff had good grip strength and full range of motion.

7  *See, e.g.*, Tr. 562, 594.  Another medical record indicated Plaintiff was able to

8  "make a fist, pick up coins from a flat surface, button/unbutton, zip/unzip, and ties

9  shoes with her left hand only." Tr. 588.  Notably, that record is dated August 4,

10  2018, nearly 19 months after her alleged disability onset date beginning March 15,

11  2017.  *Id*.

12      Plaintiff also claims to suffer from debilitating shoulder pain, but her

13  medical exams and imaging indicate only mild findings.  *See, e.g.*, Tr. 560, 562,

14  589, 592.  One medical examiner explicitly stated, "the objective evidence does not

15  support any severe limitations." Tr. 23.  Likewise, the frequency and intensity of

16  her reported migraines is inconsistent with the record.  For example, Plaintiff

17  allegedly suffers from multiple migraines per week, but her medical exams do not

18  reveal any acute distress, which the ALJ found "wholly inconsistent with an

19  individual who is truly suffering from daily (almost constant) migraine headache

20  pain." Tr. 26.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

Finally, Plaintiff initially claimed to suffer from severe anxiety and depression, but subsequently acknowledged to examining psychologist, Dr. Bostwick, that her psychological conditions were not actually disabling.  ECF No. 16 at 9–10.  Plaintiff does not challenge the ALJ's determination regarding her alleged psychological impairments.

### 3.  *Type, Dosage, and Efficacy of Medication; Other Treatment*

The ALJ also considered the efficacy of medication and other treatments used to treat Plaintiff's alleged symptoms.  Tr. 26.  The Ninth Circuit has "previously indicated that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (internal quotations omitted).  With regard to her migraine headaches, Plaintiff claims she suffers multiple migraine headaches per week that each last several days, even when taking medication.  ECF No. 16 at 5.  However, Plaintiff's medical records indicate her migraines improved with Botox treatment.  For example, Plaintiff reported in July 2017 more than a 50% improvement in frequency, severity, and duration of her migraines after Botox injections.  Tr. 855.  More recently, in October 2019, Plaintiff reported only four migraines in thirty days after Botox treatment, compared to daily migraines without treatment.  Tr. 968.  She also indicated her migraines were less intense and easier to treat with Botox.  *Id.*  Additionally, Plaintiff was never

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

observed to be suffering a migraine upon examination.  *See, e.g.*, Tr. 433, 493, 517, 520, 525, 584, 597, 605.

Regarding Plaintiff's left-hand symptoms, the ALJ noted Plaintiff underwent carpal tunnel and trigger finger release surgery in February 2017, which was largely successful.  Tr. 24.  Plaintiff's post-treatment notes indicate she had "excellent flexion, very mild flexion contracture middle finger, no triggering, no numbness."  Tr. 555.  Her care provider's impression was that "[e]verything looks great."  *Id.*

Plaintiff argues the ALJ failed to provide specific findings with clear and convincing evidence and essentially discounted Plaintiff's symptom testimony by finding the objective medical evidence did not support her claims.  ECF No. 16 at 19.  The Court disagrees.  While an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence, objective medical evidence is still a relevant factor.  *Rollins*, 261 F.3d at 857.  The objective medical evidence supports the ALJ's findings.  Moreover, the ALJ considered other factors beyond the objective medical evidence.  Thus, the Court finds the ALJ's conclusion regarding Plaintiff's subjective symptom testimony was clear, convincing, and properly supported by substantial evidence.

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1

## B.    Medical Opinion

2      Plaintiff argues the ALJ failed to properly consider and weigh the medical

3 opinion evidence.  ECF No. 16 at 19–20.  As an initial matter, for claims filed on

4 or after March 27, 2017, new regulations apply that change the framework for how

5 an ALJ must evaluate medical opinion evidence.  20 C.F.R. §§ 404.1520c,

6 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical*

7 *Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ

8 applied the new regulations because Plaintiff filed her Title II and XVI claims after

9 March 27, 2017.  *See* Tr. 16.

10      Under the new regulations, the ALJ will no longer "give any specific

11 evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

12 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

13 evaluate the persuasiveness of all medical opinions or prior administrative medical

14 findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

15 The factors for evaluating the persuasiveness of medical opinions and prior

16 administrative medical findings include supportability, consistency, relationship

17 with the claimant, specialization, and "other factors that tend to support or

18 contradict a medical opinion or prior administrative medical finding" including but

19 not limited to "evidence showing a medical source has familiarity with the other

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

1  evidence in the claim or an understanding of our disability program's policies and

2  evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

3      The ALJ is required to explain how the most important factors,

4  supportability and consistency, were considered.  20 C.F.R. §§ 404.1520c(b)(2),

5  416.920c(b)(2).  These factors are explained as follows:

6      (1) *Supportability.*  The more relevant the objective medical evidence and
        supporting explanations presented by a medical source are to support his
7       or her medical opinion(s) or prior administrative medical finding(s), the
        more persuasive the medical opinions or prior administrative medical
8       finding(s) will be.

9      (2) *Consistency.*  The more consistent a medical opinion(s) or prior
        administrative medical finding(s) is with the evidence from other medical
10      sources and nonmedical sources in the claim, the more persuasive the
        medical opinion(s) or prior administrative medical finding(s) will be.

11

12  20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

13      The ALJ may, but is not required to, explain how "the other most persuasive

14  factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§

15  404.1520c(b)(2); 416.920c(b)(2).  However, where two or more medical opinions

16  or prior administrative findings "about the same issue are both equally well-

17  supported . . . and consistent with the record . . . but are not exactly the same," the

18  ALJ is required to explain how "the most persuasive factors" were considered.  20

19  C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

20

1     The parties dispute whether Ninth Circuit law that predates the new

2  regulations apply.  ECF Nos. 16 at 20; 20 at 11.  The Ninth Circuit currently

3  requires the ALJ to provide "clear and convincing" reasons for rejecting the

4  uncontradicted opinion of either a treating or examining physician.  *Lester v.*

5  *Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  When a treating or examining

6  physician's opinion is contradicted, the Ninth Circuit has held the medical opinion

7  can only "be rejected for specific and legitimate reasons that are supported by

8  substantial evidence in the record."  *Id.* at 830–31 (internal citation omitted).

9     At this time, the Ninth Circuit has not addressed whether these standards still

10  apply when analyzing medical opinions under the new regulations.  For purposes

11  of the present case, the Court finds that resolution of this issue is unnecessary.  *See*

12  *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

13  29, 2020) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*,

14  545 U.S. 967, 981–82 (2005) ("[T]he Court is mindful that it must defer to the new

15  regulations, even where they conflict with prior judicial precedent, unless the prior

16  judicial construction 'follows from unambiguous terms of the statute and thus

17  leaves no room for agency discretion.'")).

18     *1.  Dr. Horn*

19     Plaintiff challenges only the ALJ's assessment of Dr. Horn's opinion.  ECF

20  No. 16 at 20.  Plaintiff argues the ALJ erred in evaluating Dr. Horn's opinion,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

which Plaintiff claims reflect the severity of her impairments, specifically the nonuse of her right hand and the problems that developed in her left hand following surgery. *Id.*

The ALJ found Dr. Horn's opinion from February 2017 unpersuasive because Dr. Horn failed to establish the duration for which Plaintiff would remain impaired following her surgery. Tr. 28; *see also* Tr. 552–54. The ALJ's consideration was valid; limitations that do not meet the duration requirement (*i.e.*, a continuous impairment lasting, or expected to last, at least 12 months) are not considered disabling. 20 C.F.R. §§ 404.1509, 416.909. Additionally, Dr. Horn's assessment is inconsistent with the record as a whole because Plaintiff's other treatment notes generally reveal unremarkable imaging and exam findings. *See, e.g.*, Tr. 464–69, 525, 530, 544–45, 585–95. Additionally, the ALJ accounted for Plaintiff's limitations in her hands in the residual functional capacity assessment. *See* Tr. 29. The ALJ's conclusion that Dr. Horn's opinion is unpersuasive is supported by substantial evidence and is consistent with Ninth Circuit law that a medical opinion may be rejected by the ALJ if it is brief, conclusory, or inadequately supported. *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228 (9th Cir. 2009).

### 2. Dr. Lorber

Plaintiff does not challenge this finding; thus, any challenge is waived, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 19

the Court may decline to review it. *See Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). However, the Court finds the ALJ did not err in relying upon Dr. Lorber's opinion.

The ALJ found Dr. Lorber's opinion persuasive. Tr. 27. Regarding supportability, the ALJ found Dr. Lorber gave a detailed and persuasive explanation of his opinion, which was supported by the evidence in the record. *See*, e.g., Tr. 463–74, 514–47, 584–89, 591–600, 849–75, 961–69. As to consistency, the ALJ found Dr. Lorber's opinion consistent with the assessments of Dr. Miller and the DDS physicians. Tr. 27. The ALJ also found Dr. Lorber's opinion consistent with Plaintiff's own admitted ability to attend nursing school, care for her children, do housework and yard work, play card games, and go shopping. *Id*. Finally, the ALJ found Dr. Lorber's knowledge of the SSA program and his expertise as an orthopedic surgeon added to the overall persuasiveness of the opinion. *Id*. The ALJ's finding that Dr. Lorber's opinion is persuasive is supported by substantial evidence.

### 3. Dr. Toews[1]

Plaintiff does not challenge this finding; thus, any challenge is waived, and

---

[1] The Court notes the Oral Hearing Transcript improperly refers to Dr. Toews as "Dr. Tabes." Tr. 47.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1  the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

2  However, the Court finds the ALJ did not err in relying upon Dr. Toews' opinion.

3         The ALJ found the opinion of Dr. Toews persuasive.  Tr. 27.  Regarding

4  supportability, the ALJ found Dr. Toews gave a detailed and persuasive

5  explanation of his opinion, which was supported by the evidence in the record.

6  *See, e.g.*, Tr. 463–74, 514–47, 584–89, 591–600, 849–75, 961–69.  As to

7  consistency, the ALJ found Dr. Toews' opinion was consistent with Plaintiff's own

8  reports that she did not believe her mental health issues were disabling, and

9  consistent with Dr. Bostwick's assessment and the assessments conducted by the

10  DDS psychologists.  Tr. 27.  Finally, the ALJ found Dr. Lorber's knowledge of the

11  SSA program and his expertise as a clinical psychologist added to the overall

12  persuasiveness of the opinion.  *Id*.  The ALJ's finding that Dr. Lorber's opinion is

13  persuasive is supported by substantial evidence.

14             *4.  DDS Physical Medical Consultants*

15         Plaintiff does not challenge this finding; thus, any challenge is waived, and

16  the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

17  However, the Court finds the ALJ did not err in assessing the DDS consultants'

18  physical evaluations.

19         The ALJ found the DDS physical medical consultants to be somewhat

20  persuasive.  Tr. 27.  The ALJ found their opinions generally consistent with, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

1  supported by, the imaging and examine findings (*see, e.g.*, Tr. 463–74, 514–47,

2  584–89, 591–600, 849–75, 961–69), and with the opinions of Dr. Miller (Tr. 584)

3  and Dr. Lorber (Tr. 41).  Tr. 27.  However, the ALJ was more persuaded by Dr.

4  Lorber's opinion because he had a more complete record to review and was

5  available to explain and defend his opinion at the hearing.  *Id*.  The ALJ's finding

6  that the DDS physical medical consultants' opinions are less persuasive is

7  supported by substantial evidence.

8                          *5.  DDS Psychological Consultants*

9          Plaintiff does not challenge this finding; thus, any challenge is waived, and

10  the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

11  However, the Court finds the ALJ did not err in relying upon the DDS

12  psychologists' opinions.

13          The ALJ found the opinions of the DDS psychological consultants

14  persuasive.  Tr. 27.  In terms of supportability, the DDS psychologists provided a

15  thorough written summary of the longitudinal record up to the date of their

16  assessments and that summary was fully supported by the evidence.  *Id*.  The ALJ

17  found their opinions consistent with the longitudinal record, including the largely

18  benign mental status findings (*see, e.g.*, Tr. 536–42, 718–19, 729, 882, 924, 952–

19  60), and also consistent with the assessments of Dr. Bostwick (Tr. 576) and Dr.

20  Toews (Tr. 47).  *Id*.  The ALJ's finding that the DDS psychologists' opinions are

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

1   persuasive is supported by substantial evidence.

2           *6.  Dr. Miller*

3           Plaintiff does not challenge this finding; thus, any challenge is waived, and

4   the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

5   However, the Court finds the ALJ did not err in the assessment of Dr. Miller's

6   opinion.

7           The ALJ found Dr. Miller's opinion somewhat persuasive.  Tr. 28.  In terms

8   of supportability, the ALJ found Dr. Miller's opinion largely supported by her own

9   examinations, but also by the record as a whole.  *Id*.  The ALJ noted, however, Dr.

10  Miller failed to specify the degree of limitation Plaintiff suffered due to deficits in

11  her upper extremity/hands.  *Id*.  Dr. Miller did note Plaintiff had "limited crawling

12  ability" and "will have difficult time with fine motor activities [of right hand]," but

13  the opinion was not consistent with Dr. Lorber's opinion, which contained a

14  detailed explanation of the specific degree of upper extremity limitations.  *Id*.  The

15  ALJ's finding that Dr. Miller's opinion is less persuasive is supported by

16  substantial evidence.

17          *7.  Dr. Bostwick*

18          Plaintiff does not challenge this finding; thus, any challenge is waived, and

19  the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

20  However, the Court finds the ALJ did not err in relying upon Dr. Bostwick's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 23

1    opinion.

2        The ALJ found Dr. Bostwick's opinion very persuasive.  Tr. 28.  Regarding

3    supportability, Dr. Bostwick conducted a thorough psychological exam and his

4    opinion was well supported by the exam findings.  *Id*.  The ALJ also found Dr.

5    Bostwick's opinion consistent with the largely benign mental status findings (*see,*

6    *e.g*., Tr. 536–42, 718–19, 729, 882, 924, 952–60), and also consistent with the

7    assessments conducted by Dr. Toews (Tr. 47) and the DDS psychologists (Tr. 80–

8    94, 97–111, 114–29, 131–46).  *Id*.  The ALJ's finding that Dr. Bostwick's opinion

9    is very persuasive is supported by substantial evidence.

10               *8.  L&I Independent Medical Experts*

11        Plaintiff does not challenge this finding; thus, any challenge is waived, and

12    the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

13    However, the Court finds the ALJ did not err in rejecting the L&I medical

14    opinions.

15        The ALJ found the L&I Independent Medical Examination opinions

16    unpersuasive.  Tr. 28.  The opinions were inconsistent with Plaintiff's medical

17    records and alleged impairments as they did not account for any impairments

18    beyond Plaintiff's work-related lumbar strain.  *Id*.  Moreover, one exam took place

19    before the relevant time period.  Tr. 463.  The ALJ's finding is consistent with

20    Ninth Circuit law that a medical opinion may be rejected by the ALJ if it is brief,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24

conclusory, or inadequately supported.  *Bray*, 554 F.3d at 1228.

### 9.  Dale Peterson, PA-C

Plaintiff does not challenge this finding; thus, any challenge is waived, and the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2. However, the Court finds the ALJ did not err in rejecting Mr. Peterson's opinion.

The ALJ found the opinion of Dale Peterson, PA-C, unpersuasive.  Tr. 28. Regarding supportability, the ALJ noted Mr. Peterson failed to support his conclusion that Plaintiff is "not able to work" with any evidence.  *Id*.  Moreover, such an assessment is reserved for the Commissioner and does not constitute a "medical opinion" under the current rules.  *Id*.  Mr. Peterson's statement that Plaintiff was being treated for anxiety and depression is inconsistent with the largely benign mental status findings (*see* Tr. 536–42, 718–19, 729, 882, 924, 952–60), and also inconsistent with the assessments conducted by Dr. Toews (Tr. 47) and the DDS psychologists (Tr. 80–94, 97–111, 114–29, 131–46).  The ALJ's finding is consistent with Ninth Circuit law that a medical opinion may be rejected by the ALJ if it is brief, conclusory, or inadequately supported.  *Bray*, 554 F.3d at 1228.  The ALJ's finding that Mr. Peterson's opinion was not persuasive is also supported by substantial evidence.

### 10.  Monna Rittenhouse

Plaintiff does not challenge this finding; thus, any challenge is waived, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 25

1    the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

2    However, the Court finds the ALJ did not err in rejecting Ms. Rittenhouse's

3    opinion.

4        The ALJ found the opinion of Monna Rittenhouse unpersuasive.  Tr. 28.

5    Ms. Rittenhouse stated Plaintiff was limited to sedentary work with manipulative

6    limitations for the next six months.  *Id*.  However, the ALJ noted Ms.

7    Rittenhouse's opinion was inconsistent with the overall record, which contained

8    intact examination findings and light residual functional capacity findings by

9    nearly all other medical sources.  *Id*.  Additionally, Ms. Rittenhouse failed to

10   provide evidentiary support for her opinion with regard to the durational limitation.

11   *Id*.  The ALJ's finding is consistent with Ninth Circuit law that a medical opinion

12   may be rejected by the ALJ if it is brief, conclusory, or inadequately supported.

13   *Bray*, 554 F.3d at 1228.  The ALJ's finding that Mr. Peterson's opinion was not

14   persuasive is supported by substantial evidence.

15           11.  *Kelly Phipps*

16       Plaintiff does not challenge this finding; thus, any challenge is waived, and

17   the Court may decline to review it.  *See Carmickle*, 533 F.3d at 1161 n.2.

18   However, the Court finds the ALJ did not err in assessing Ms. Phipps' opinion.

19       The ALJ found the opinion of Kelly Phipps, MA, somewhat persuasive.  Tr.

20   28.  Ms. Phipps stated she was unable to assess limitations but did note that

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 26

1   Plaintiff's mental health conditions did not limit her ability to work, look for work,

2   or prepare for work, which the ALJ found consistent with the opinions of Mr.

3   Toews (Tr. 47) and the DDS psychologists (Tr. 80–94, 97–111, 114–29, 131–46).

4   *Id*.  The ALJ noted Ms. Phipps' opinion was supported by several DSHS

5   WorkFirst reports she conducted for Plaintiff.  Tr.  667, 673, 970.  The ALJ's

6   finding that Ms. Phipps' opinion was somewhat persuasive is supported by

7   substantial evidence.

8       **C.    Vocational Evidence**

9           Plaintiff appears to challenge the ALJ's determinations at both step four and

10  five of the analysis.  Plaintiff first argues the ALJ erred at step four in determining

11  Plaintiff retained the residual functional capacity ("RFC") to perform past relevant

12  work as a convenience store manager.  ECF No. 16 at 21.  Plaintiff then argues the

13  ALJ erred at step five in determining there were other jobs in the national economy

14  that Plaintiff could do with her limitations.  *Id*.

15          At step four, the ALJ determines whether a claimant can still perform past

16  relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If a claimant

17  cannot perform her past relevant work, at step five the ALJ must show there are a

18  significant number of jobs in the national economy the claimant is able to

19  do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. §§

20  404.1520(d)–(e), 416.920(d)–(e).  To do so, the ALJ may employ the testimony of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 27

a vocational expert. *Tackett,* 180 F.3d at 1100–01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2000). The ALJ's findings will be upheld if the weight of medical evidence in the record supports the hypothetical posed by the ALJ. *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony will qualify as substantial evidence if it is reliable. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

Here, the ALJ determined Plaintiff retained an RFC to perform her past relevant work as an assistant manager of a convenience store as that job is generally performed. Tr. 29. This finding was based on the testimony of vocational expert, Thomas Polsin. *Id.* Plaintiff argues it is "obvious" that she would not be able to perform the duties of an assistant manager due to the nonuse of her right hand and only the occasional use of her left hand. ECF Nos. 16 at 22; 21 at 5. To support her claim, Plaintiff relies upon her own vocational expert, Robert Cornell. ECF Nos. 16 at 22; 21 at 5. Mr. Cornell opined that "a managerial trainee in a quick-stop like a Circle-K . . . is required to do all the same duties as a cashier and lead worker." Tr. 239. Mr. Cornell further stated those work requirements are "more frequent than just covering for someone's shift that does not show up for work" and the duties require "extensive handling, as well as gross manual and fine manipulation." *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 28

1    Plaintiff's argument is unpersuasive.  The Ninth Circuit does not require

2 vocational experts to consider a claimant's past work as actually performed; rather,

3 "a vocational expert merely has to find that a claimant can or cannot continue his

4 or her past relevant work as defined by the regulations."  *Pinto v. Massanari*, 249

5 F.3d 840, 845 (9th Cir. 2001).  Here, vocational expert Mr. Polsin relied on the

6 Dictionary of Occupational Titles and his own experience to find that Plaintiff

7 could perform the duties of an assistant manager as those jobs are generally

8 performed, which is sufficient to support a finding that Plaintiff could perform her

9 past relevant work as defined by the regulations.  Tr. 70–71.  Even if the ALJ did

10 err in determining Plaintiff could perform past relevant work, any error is harmless

11 because the ALJ considered alternative jobs to account for Plaintiff's potentially

12 more limited RFC.

13    After considering Plaintiff's age, education, work experience, and RFC, the

14 ALJ determined there were two alternative jobs in significant numbers in the

15 national economy that Plaintiff could perform: an usher, with 22,600 jobs in the

16 national economy, and a sandwich board carrier, with 11,000 jobs in the national

17 economy.  Tr. 30.  The ALJ arrived at this conclusion after posing the following

18 hypothetical to Mr. Polsin: limitations bilaterally of handling and fingering with

19 slightly reduced limitation for the nondominant right hand that could be used as an

20 assist, and occasional limitations to the left hand.  Tr. 76.  Plaintiff again claims it

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 29

is "obvious" that she cannot perform the job duties of either position because both would require the use of both hands.  ECF No. 21 at 5–6.  To support her claim, Plaintiff relies on the opinion of her own vocational expert, Mr. Cornell.  *Id*.

Plaintiff's second argument is equally unpersuasive.  First, the ALJ considered Plaintiff's reduced capacity to use her left hand in assessing Plaintiff's RFC.  Tr. 30.  Next, Plaintiff's assertions regarding her ability to use her left hand for "only one third of a day" are not well-supported by the evidence.  ECF No. 21 at 6.  Conversely, the ALJ found the totality of Plaintiff's medical records did not support such limited use of her left hand.  Tr. 26–27.  If the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  *Rollins*, 261 F.3d at 857.  The ALJ's finding that Plaintiff can perform past relevant work, or in the alternative, that there are other jobs in the national economy that Plaintiff could perform, is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

//

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 30

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Motion for Summary Judgment (ECF No. 16) is DENIED.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and close the file.

DATED September 8, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31